UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

HERIBERTO RUIZ SIERRA,

Petitioner,

v. Case No. 3:18cv345-LC-CJK

STATE OF FLORIDA, et al.,

Respondents.
_____________________________/

REPORT AND RECOMMENDATION

Before the court is a petition for writ of habeas corpus filed under 28 U.S.C. § 2254 (doc. 1), with supporting memorandum (doc. 2). The matter is referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(B). After careful consideration, the undersigned concludes that no evidentiary hearing is required for the disposition of this matter. Rule 8(a) of the Rules Governing Section 2254 Cases in the United States District Courts. The undersigned further concludes that the pleadings and attachments before the court show that petitioner is not "in custody" for purposes of federal habeas jurisdiction, and that the petition should be dismissed.

## BACKGROUND AND PROCEDURAL HISTORY

Petitioner is a resident of Crestview, Florida. (Doc. 1, Attach. (mailing envelope); Doc. 2, p. 8 (signature block)). Petitioner names three respondents in this action: the State of Florida; the Department of Revenue; and Stephanie Barlow, the mother of his children. (Doc. 1). Petitioner is challenging child support modification and enforcement orders, including a recent contempt order entered by the Okaloosa County Circuit Court in Case No. 2016-DR-0780 MF, on the grounds that the court improperly included his veteran's disability benefits as income for purposes of calculating his child support. (Docs. 1, 2). As relief, petitioner seeks to vacate "all such voided orders and judgements [sic].") (Doc. 1, p. 15 in ECF).

## SUBJECT MATTER JURISDICTION

A federal district court may entertain a habeas corpus petition only from a petitioner "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *see also* 28 U.S.C. § 2254(a). This "in custody" requirement is jurisdictional. *Stacey v. Warden, Apalachee Corr. Inst.*, 854 F.2d 401, 403 (11th Cir. 1988). Custody is determined as of the date the habeas petition is filed. *Carafas v. LaVallee*, 391 U.S. 234, 238-40 (1968).

Petitioner filed his habeas petition on March 6, 2018. (Doc. 1). It is apparent from the face of the petition and attachments that petitioner was not incarcerated on

that date. Although petitioner indicated "Okaloosa County Jail" where the petition form directs him to identify his "Place of Confinement", (doc. 1, p. 1 in ECF), the mailing envelope for his petition indicates a non-prison return address, as does the signature block in his supporting memorandum. (Doc. 1, p. 54 in ECF; Doc. 2, p. 8 in ECF). Within the body of his petition, petitioner describes his custodial status as "Schedule[d] to go to jail March 21, 2018." (Doc. 1, p. 5 in ECF). Petitioner attaches a child support enforcement and contempt order, dated February 22, 2018, which provides in relevant part:

> **4. Sentence to Confinement**: Unless the purge payment of **$500.00** is paid to the Clerk of the Court no later than **MARCH 21, 201[8]**:
>
> **a. HERIBERTO RUIZ-SIERRA** is sentenced to confinement in **the OKALOOSA County Jail** until purged of the contempt by paying **$500.00**, which shall be applied toward the child support arrearage, plus sheriff's fee, meal charge, and the costs of transportation.

(Doc. 1, Attach. at 27 in ECF (Order filed 02/22/2018)) (bold in original, underscore added).

The Supreme Court has recognized various circumstances where restraint short of actual, physical custody is deemed to satisfy the "in custody" requirement. As the Eleventh Circuit explained in *Howard v. Warden*, 776 F.3d 772 (11th Cir. 2015):

> [I]t is by now well-settled that the "use of habeas corpus [is] not . . . restricted to situations in which the applicant is in actual, physical custody," *Jones v. Cunningham*, 371 U.S. 236, 239, 83 S. Ct. 373, 375, 9 L. Ed. 2d 285 (1963). Instead, petitioners need only show that they are subject to a significant restraint on their liberty that is not shared by the general public. *Id*. at 240-43, 83 S. Ct. at 375-77. For example, the Supreme Court has extended habeas review to petitioners released on parole, *id*. at 242-43, 83 S. Ct. at 377, released on their own recognizance pending execution of a sentence, *Hensley v. Mun. Court*, 411 U.S. 345, 351, 93 S. Ct. 1571, 1575, 36 L. Ed. 2d 294 (1973), and free on bail, *Lefkowitz v. Newsome*, 420 U.S. 283, 291 & n. 8, 95 S. Ct. 886, 891 & n. 8, 43 L. Ed. 2d 196 (1975).

*Id*. at 775.

The petitioner in *Hensley, supra*, was sentenced to a year of confinement and a $625 fine, but released on his own recognizance while seeking habeas relief. The Court considered three factors in determining whether he satisfied the "in custody" requirement: (1) whether the petitioner was subject to restraint on his liberty not shared by the general public; (2) whether incarceration was "a speculative possibility that depends on a number of contingencies over which [the petitioner] has no control;" and (3) whether holding that there was no custody simply postponed the habeas case until the petitioner was in jail. *Hensley*, 411 U.S. at 351-53.

Applying the *Hensley* factors to this case, petitioner fails to satisfy the "in custody" requirement. At the time petitioner filed his petition, he had no restraint on his liberty from the February 22, 2018, contempt order or any other child support order. Further, petitioner's possible incarceration does not depend on a number of

factors over which he has no control. Petitioner has complete control over whether he will be incarcerated – he need only pay the child support he owes pursuant to state law to avoid incarceration. As to the third factor, a future habeas proceeding is not inevitable, as petitioner has no sentence to serve as long as he pays his court-ordered child support. Petitioner's circumstances do not satisfy the "in custody" requirement. *Compare Leonard v. Hammond*, 804 F.2d 838, 842 (4th Cir. 1986) (holding that habeas petitioners who filed petitions while imprisoned under civil contempt orders for failure to pay child support satisfied the "in custody" requirement), *with Fernos-Lopez v. Figarella Lopez*, 929 F.2d 20, 23-24 (1st Cir. 1991) (holding that habeas petitioner challenging child support contempt order failed to satisfy "in custody" requirement for federal habeas jurisdiction, because he was not incarcerated at the time he filed his petition and did not meet the *Hensley* factors), *and Sevier v. Turner*, 742 F.2d 262, 269 (6th Cir. 1984) (holding that habeas corpus relief was not available to litigant who was briefly imprisoned for failing to pay child support but released prior to petitioning for habeas relief; the fact that petitioner was subject to a civil judgment requiring him to pay child support did not constitute "custody" for federal habeas purposes), *and Spring v. Caldwell*, 692 F.2d 994, 999 (5th Cir. 1982) (applying *Hensley* factors and holding that an arrest warrant issued for willful refusal to pay a fine does not amount to custody within the meaning of 28

U.S.C. §§ 2241 and 2254"), *and Anderson v. Worden*, 744 F. Supp. 1042, 1043-44 (D. Kansas 1990) (holding that petitioner failed to satisfy "in custody" requirement, where petitioner filed federal habeas petition after he had been released from incarceration for contempt and was only subject to a civil judgment requiring him to pay child support). Because petitioner was not "in custody" when he filed his petition, this case must be dismissed for lack of subject matter jurisdiction.

CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides: "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." If a certificate is issued, "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." 28 U.S.C. § 2254 Rule 11(a). A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. *See* 28 U.S.C. § 2254 Rule 11(b).

"[Section] 2253(c) permits the issuance of a COA only where a petitioner has made a 'substantial showing of the denial of a constitutional right.'" *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (*quoting* 28 U.S.C. § 2253(c)). "At the COA stage, the only question is whether the applicant has shown that 'jurists of reason could disagree with the district court's resolution of his constitutional claims or that

jurists could conclude the issues presented are adequate to deserve encouragement to proceed further.'" *Buck v. Davis*, 580 U.S. —, 137 S. Ct. 759, 774 (2017) (*quoting Miller-El*, 537 U.S. at 327). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, (2000) (emphasis added). The petitioner here cannot make the requisite showing. Accordingly, the court should deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." Rule 11(a), Rules Governing Section 2254 Cases. If there is an objection to this recommendation by either party, that party may bring such argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is it is respectfully RECOMMENDED:

1. That the petition for writ of habeas corpus (doc. 1) be DISMISSED WITHOUT PREJUDICE for lack of jurisdiction.

2. That the clerk be directed to close the file.

3. That a certificate of appealability by denied.

At Pensacola, Florida this 26th day of March, 2018.

/s/ *Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within 14 days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control. A copy of objections shall be served upon the magistrate judge and all other parties. A party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.